150 T.C. No. 1

UNITED STATES TAX COURT

MEHRDAD RAFIZADEH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4398-15.                     Filed January 2, 2018.

I.R.C. sec. 6038D, enacted on Mar. 18, 2010, and effective for taxable years beginning after the date of enactment, imposes new reporting requirements with respect to certain "specified foreign financial assets".  I.R.C. sec. 6501(e)(1)(A)(ii), also enacted on Mar. 18, 2010, provides a six-year period of limitations if the taxpayer omits from gross income amounts attributable to one or more assets with respect to which information is required to be reported under I.R.C. sec. 6038D.

<u>Held</u>:  Because I.R.C. sec. 6501(e)(1)(A)(ii) applies only to omissions from gross income of amounts attributable to assets with respect to which the reporting requirement of I.R.C. sec. 6038D is applicable (or would be applicable without regard to specified exceptions), it is effective only for tax years with respect to which the reporting requirement of I.R.C. sec. 6038D is effective.

Harvey R. Poe and Jeffrey R. Pittard, for petitioner.

Brian E. Derdowski, Jr., for respondent.


OPINION


PUGH, Judge:  Petitioner, while residing in New Jersey, timely petitioned

the Court for review of respondent's notice of deficiency determining deficiencies

and accuracy-related penalties for 2006, 2007, 2008, and 2009 as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|------------|----------------------|
| 2006 | $9,045 | $1,809 |
| 2007 | 10,934 | 2,187 |
| 2008 | 4,117 | 823 |
| 2009 | 1,619 | 324 |

Petitioner moved for summary judgment pursuant to Rule 121,[1] arguing that

the six-year period of limitations under section 6501(e)(1)(A)(ii) does not apply

for his unpaid Federal income tax for 2006, 2007, and 2008.[2]  The specific

---

[1] Rule references are to the Tax Court Rules of Practice and Procedure. Section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times.  All dollar amounts are rounded to the nearest dollar.

[2] Respondent concedes that sec. 6501(e)(1)(A)(ii) does not apply for

(continued...)

question before us is whether section 6501(e)(1)(A)(ii) can apply for tax years for which the reporting requirement of section 6038D did not apply. Petitioner has conceded certain facts, for purposes of his motion, to eliminate potential factual disputes that would preclude summary judgment on the period of limitations issue.

Background

Petitioner timely filed his Federal income tax returns for 2006, 2007, 2008, and 2009 but did not report income earned on a foreign account he held. Respondent served a John Doe summons seeking information relating to petitioner's account among others, and on November 16, 2010, that John Doe summons was finally resolved. On December 8, 2014, respondent issued a notice of deficiency determining deficiencies and accuracy-related penalties on underpayments for 2006, 2007, 2008, and 2009.

Respondent has conceded that the notice of deficiency was issued after the expiration of the general three-year period of limitations for each year at issue and more than three years after the final resolution of the John Doe summons. Petitioner does not dispute, for purposes of summary judgment, that the limitations

---

[2](...continued)
petitioner's 2009 taxable year because the amount omitted from gross income attributable to a foreign financial asset is less than the required $5,000. Respondent also concedes that sec. 6501(e)(2), the other issue raised in petitioner's motion, does not apply.

period was still open as of March 18, 2010, either because the outstanding John Doe summons had suspended the running of the period (as it was not resolved finally until November 16, 2010) or because the general three-year period had not expired. Petitioner also concedes, for purposes of summary judgment, that his foreign account is a specified foreign financial asset under section 6038D.

## Discussion

### I. Standard for Summary Judgment

Where the material facts are not in dispute, a party may move for summary judgment to expedite the litigation and avoid an unnecessary (and potentially expensive) trial. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).

### II. Statutory Provisions

The Internal Revenue Service (IRS) must assess tax within three years of the date a tax return was due, without extensions, or the date the return was actually filed, whichever is later, subject to certain exceptions. Sec. 6501. Relevant to our analysis are two particular exceptions. First, the period of

limitations under section 6501 is suspended beginning six months after the service of a John Doe summons and ending with the final resolution of that summons. Sec. 7609(e)(2)(A) and (B); sec. 301.7609-5(d), Proced. & Admin. Regs.[3]  Second, section 6501(e)(1)(A)(ii) provides that the IRS may assess tax within six years after a return is filed "[i]f the taxpayer omits from gross income an amount properly includible therein and * * * such amount (I) is attributable to one or more assets with respect to which information is required to be reported under section 6038D * * *, and (II) is in excess of $5,000".  Section 6038D in turn requires reporting of additional information relating to "specified foreign financial assets".  Section 6038D also has a dollar threshold of $50,000 that is disregarded for purposes of section 6501(e)(1)(A)(ii).  Also disregarded are any exceptions to the reporting requirement prescribed by the IRS pursuant to authority granted under section 6038D(h)(1) (including for classes of assets that might be subject to duplicative reporting).  Sec. 6501(e)(1)(A)(ii)(I).

Section 6038D was added to the Internal Revenue Code by the Hiring Incentives To Restore Employment Act of 2010 (HIRE Act), Pub. L. No. 111-147, sec. 511(a), 124 Stat. at 109, and is effective for taxable years beginning after

---

[3] Sec. 301.7609-5(d), Proced. & Admin. Regs., was not applicable until Apr. 30, 2008.

March 18, 2010 (the date of its enactment). Section 6501(e)(1)(A)(ii) was added by HIRE Act sec. 513(a)(1) and (d), 124 Stat. 111, 112, but has a different effective date, applying to returns filed after March 18, 2010, and also to "returns filed on or before * * * [March 18, 2010] if the period specified in section 6501 of the Internal Revenue Code of 1986 (determined without such regard to such amendments) for assessment of such taxes has not expired as of such date." Id. sec. 513(d).

III. Analysis

In determining the meaning of a statutory provision, "we look first to its language, * * * giving the 'words used' their 'ordinary meaning'." Moskal v. United States, 498 U.S. 103, 108 (1990) (first quoting United States v. Turkette, 452 U.S. 576, 580 (1981); then quoting Richards v. United States, 369 U.S. 1, 9 (1962)). It is a well-accepted canon of construction "that 'a statute ought, upon the whole, to be so construed so that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant'". See Duncan v. Walker, 533 U.S. 167, 174 (2001) (quoting Market Co. v. Hoffman, 101 U.S. 112, 115-116 (1879)); Vetco Inc. & Subs. v. Commissioner, 95 T.C. 579, 592 (1990). Furthermore, "[s]tatutes of limitation sought to be applied to bar rights of the Government, must receive a strict construction in favor of the Government."

Badaracco v. Commissioner, 464 U.S. 386, 391(1984) (quoting E.I. Dupont de Nemours & Co. v. Davis, 264 U.S. 456, 462, (1924)).

The notice of deficiency before us is timely only if the six-year period of limitations in section 6501(e)(1)(A)(ii) applies. Petitioner argues that the effective date of section 6038D precludes application of that six-year period of limitations. Specifically petitioner argues that the defining phrase in section 6501(e)(1)(A)(ii) ("assets with respect to which information is required to be reported under section 6038D") also limits application of the six-year limitations statute to assets for which there was a reporting requirement under section 6038D (or there would be a requirement but for specified exceptions) at the time the income was omitted.

We conclude that the wording of the effective date for section 6501(e)(1)(A)(ii) limits its application to years for which the reporting requirement of section 6038D also is effective. "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. * * * When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete'." Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-254 (1992) (quoting Rubin v. United States, 449 U.S. 424, 430 (1981)). We must give effect to all of the words in the key phrase before us--"assets with respect to which information is required to be reported under section 6038D".

While the effective date of section 6038D was not imported by the cross-reference to section 6038D, we conclude that the most natural reading of this phrase is that the six-year statute of limitations applies only when there is a section 6038D reporting requirement (or would be barring an exception that is to be disregarded). Section 6501(e)(1)(A)(ii) does not simply incorporate the definition of assets in section 6038D; it also specifies that the assets are subject to the reporting requirement (or would be but for an exception that is disregarded). We agree with petitioner that had Congress intended simply to incorporate the definition in section 6038D of the assets to be covered, Congress could have used other more straightforward wording, such as the defined term itself. Cf. Leslie v. Commissioner, 146 F.3d 643, 650-651 (9th Cir. 1998) (limiting cross-reference in section 6621(c)(3)(A)(iii) to "any straddle (as defined in section 1092 * * *)" to the definition of straddle in section 1092, and declining to import the effective date of section 1092 as well), aff'g T.C. Memo. 1996-86.

The addition of the cross-reference to section 6038D to section 6501(c)(8) does not undercut our interpretation. Section 6501(c)(8) provides that in the case of failures to comply with certain information reporting provisions, the limitations period does not expire until three years after the required information is provided. HIRE Act sec. 513(b)(3), 124 Stat. at 112, added information reporting under

section 6038D to the other information reporting provisions.  Respondent stretches to argue that the incorporation of that reporting requirement into section 6501(c)(8) shows that Congress did not intend to make the separate six-year statute of limitations in section 6501(e)(1)(A)(ii) dependent on a taxpayer's failure to satisfy section 6038D.

The trigger in section 6501(c)(8) is the failure to report, and that failure results in a different limitations period.  By contrast the trigger for the six-year limitations period in section 6501(e)(1)(A)(ii) is the omission of gross income from assets that are subject to the section 6038D reporting requirement (or would be but for an exception thereto), and it extends the period to six years.  Thus, the contrast between the wording in the two provisions does not tell us any more about how to read the latter than the words of the statute.  And we find the legislative history of the effective date cited by respondent no more illuminating than the statute itself because the legislative history tracks the statute, as respondent acknowledges.  See, e.g., General Explanation of Tax Legislation

Enacted in the 111th Congress 234 (JCS-2-11, March 2011).[4] We do not assume the effective date was a mistake; our analysis applies the statute as written.

Our reading does not render the effective date of HIRE Act sec. 513(d)(2) meaningless because that effective date also applies to other statutory changes enacted in HIRE Act sec. 513, namely the expansion of section 6501(c)(8)(A) to all items on a tax return and the addition to section 6501(c)(8)(A) of reporting relating to passive foreign investment companies. HIRE Act sec. 513(c) added "tax return" before "event" in section 6501(c)(8)(A), thus extending the limitations period for all items reported on a tax return for which the taxpayer failed to satisfy specified reporting requirements (which predated enactment of the HIRE Act), not just items relating to the particular reporting omission.

HIRE Act sec. 513(b)(1) and (2) added other reporting requirements to the existing list in section 6501(c)(8)(A): information required to be reported "pursuant to an election under section 1295(b)" and under section 1298(f). Section 1298(f), which requires annual reporting by a U.S. person who is a shareholder of a passive foreign investment company, was added to the Internal

---

[4] Respondent cited the "Blue Book" as legislative history, along with other publications by the Joint Committee on Taxation. We have recognized that the Blue Book is not legislative history but, "like a law review article, may be relevant to the extent it is persuasive." United States v. Woods, 571 U.S. __, __, 134. S. Ct. 557, 568 (2013).

Revenue Code by HIRE Act, sec. 521(a), 124 Stat. at 112. But section 1295, and the election under section 1295(b) to treat a foreign corporation as a qualified electing fund within the meaning of that section, was enacted in 1986, and regulations requiring annual reporting by U.S. persons making that election were promulgated in 1998. See sec. 1295; Tax Reform Act of 1986, Pub. L. No. 99-514, sec. 1235(a), 100 Stat. at 2566; sec. 1.1295-1(f), Income Tax Regs.; T.D. 8750, 1998-1 C.B. 562; T.D. 8870, 2000-1 C.B. 647. Thus, the effective date of HIRE Act sec. 513(d)(2), which applies to "returns filed on or before * * * [March 18, 2010] if the period specified in section 6501 of the Internal Revenue Code of 1986 (determined without such regard to such amendments) for assessment of such taxes has not expired as of such date", could apply to all items on tax returns with reporting omissions, and those omissions could include "information which is required to be reported to the Secretary pursuant to an election under section 1295(b)". Sec. 6501(c)(8)(A).

We addressed a similar issue with cross-referencing to a section with a different effective date in Blak Invs. v. Commissioner, 133 T.C. 431 (2009) (considering whether the effective date of section 6707A precluded the application of the extended limitations period in section 6501(c)(10)). In Blak Invs. v. Commissioner, 133 T.C. at 440, as here, the taxpayer argued that because section

6501(c)(10) cross-referenced section 6707A the effective date of section 6707A controlled. We held that applying the effective date for section 6707A to section 6501(c)(10) would render the different effective date for section 6501(c)(10) meaningless. Id. at 441. Congress chose to cross-reference, and thereby incorporate into section 6501(c)(10), the definition in section 6707A, but not its effective date. Id. at 444.

Comparison of the provision before us in Blak Invs. to the one before us here is instructive. We turn first to the distinction between the wording of the two provisions. Section 6501(c)(10) includes the phrase "for any taxable year."[5] The application of section 6501(e)(1)(A)(ii), by contrast, is not broadened to "any" taxable year.

In addition, in Blak Invs. the taxpayer had an obligation under pre-existing regulations to report certain information and failed to do so (although there was no penalty for the failure to report). Id. at 450-451. Because the taxpayer failed to report as required for 2002, the limitations period remained open for 2001 and 2002. Here, by contrast, petitioner had no preexisting obligation to report the

_____

[5] Sec. 6501(c)(10) provides as follows: "If a taxpayer fails to include on any return or statement for any taxable year any information with respect to a listed transaction (as defined in section 6707A(c)(2)) which is required under section 6011 to be included with such return or statement".

information required by section 6038D.  These differences between the statutory wording and the reporting regimes require a different result in the case before us.

## Conclusion

We conclude that the six-year limitations period under section 6501(e)(1)(A)(ii) does not apply for 2006, 2007, and 2008.  We therefore will grant petitioner's motion that respondent's notice of deficiency was untimely.

To reflect the foregoing,

An appropriate order and decision will be entered.